## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, *Plaintiff,* | § § § § § § § § § § § § § § | |
| v. | | **CIVIL ACTION NO.: 7:26-cv-00215** |
| HECTOR FLORES, ARTURO IVAN CASTILLEJOS DOMINGUEZ, *Defendants.* | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, comes Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks declaratory judgment against Defendants, Hector Flores ("Flores"), and Arturo Ivan Castillejos Dominguez ("Underlying Plaintiff") (both of whom are collectively, "Defendants") for purposes of determining questions of actual, immediate controversy regarding the rights and obligations of the parties in connection with the lawsuit styled *Arturo Ivan Castillejos v. Felipe Lnu, Hector Flores,* et al., Case no. CL-26-0293-D, pending in the County Court at Law Number 4, Hidalgo County of Texas (the "Underlying Lawsuit").

## PARTIES

1.     At all relevant times, Scottsdale was, and still is, a corporation organized and existing under the laws of Ohio with its principal place of business in Arizona.

2.     At all relevant times, Hector Flores was and still is, Texas citizen and resident. Mr. Flores may be served with process at 17702 Royal Palm Drive, Penitas, Texas 78576 or wherever he may be found.

PD.61573436.1

3. At all relevant times, Arturo Ivan Castillejos Dominguez was, and still is, an individual who resides in Hidalgo County, Texas and who may be served at 5128 Shalom Drive, Edinburg, Texas 78539, or wherever he may be found.

4. Underlying Plaintiff is an individual and party with an interest in the outcome of this litigation because he is the plaintiff in the Underlying Lawsuit, who must be joined to this litigation because even though he is not a party to the Policy at issue, same will not be bound by a judgment rendered as to the Policy's scope of coverage unless the Underlying Plaintiff is made a party to this lawsuit. *Dairyland County Mutual Insurance v. Childress,* 650 S.W.2d 770 (Tex. 1983*).*

## JURISDICTION AND VENUE

5. There is complete diversity of citizenship between Scottsdale, a citizen of Ohio and Arizona, and all Defendants who are citizens of Texas.

6. The amount in controversy exceeds $75,000; underlying Plaintiff seeks recovery of over $1 million.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

8. Flores and Underlying Plaintiff are subject to the personal jurisdiction of this Court.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the accident at issue—*i.e.*, a substantial part of the events giving rise to the claim—occurred in Hidalgo County, Texas, which is located in this Court's judicial district.[1]

## NATURE OF THE CLAIM

10. Scottsdale issued a commercial general liability policy number CPS80301406,

---

[1] *See* 28 U.S.C. § 1391(b).

("Policy") to Hector Flores dba Flores Welding & Fabricators for the period October 6, 2025 to October 6, 2026. [2]

11.     Scottsdale seeks a declaratory judgment that the Policy's and Injury to Worker Exclusion Endorsement ("Worker Exclusion") and Exclusion—Total Aircraft, Auto Or Watercraft With Limited Exceptions Endorsement ("Total Auto Exclusion") preclude coverage for the claims asserted in the Underlying Lawsuit. On this basis, Scottsdale also seeks a declaratory judgment that it owes no duty to defend or indemnify Fores in the Underlying Lawsuit.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

12.     Underlying Plaintiff filed the Underlying Lawsuit against Flores and others on January 15, 2026, seeking damages arising from an incident that occurred on October 16, 2025, in Hidalgo, Texas.[3]

13.     According to the Underlying Lawsuit, Flores and another defendant (GMG) requested that Plaintiff and another defendant (Felipe LNU), were laying steel rebars at a construction site located at or near 9708 North Ware Road, McAllen, Hidalgo County, Texas.[4]

14.     Underlying Plaintiff and defendant Felipe LNU were tasked to separate two steel rebars and, while operating a vehicle owned or leased by Flores and/or GMG, defendant Felipe LNU lifted one end of a steel rebar and instructed Underlying Plaintiff to undo the band in the middle. Suddenly and without warning, Felipe LNU was allegedly inattentive and began to move the heavy steel rebar before Underlying Plaintiff had cleared the area. As a result, Underlying Plaintiff was pinned between the two steel rebars, causing crushing injuries and trauma. The

---

[2] A copy of the Scottsdale Policy is attached hereto as Exhibit A.
[3] Exhibit B, Underlying Lawsuit Petition.
[4] Exhibit B.

- 3 -

negligence of those Underlying Lawsuit defendants directly caused Underlying Plaintiff to sustain personal injuries and damages.[5]

15.     The Underlying Lawsuit alleges that Felipe LNU was operating a vehicle owned or leased by Flores and/or GMG and was within the regular course and scope of his or her employment with Flores and/or GMG.[6]

16.     The Underlying Lawsuit alleges that Flores is legally responsible to Underlying Plaintiff for the negligent conduct of its driver under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Felipe LNU was at all times material hereto an agent, ostensible agent, servant and/or employee of Flores and/or GMG and was acting within the regular course and scope of such agency or employment at the time of the collision described above. As a result, Flores is liable for all negligence of Felipe LNU.[7]

17.     Flores is also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Felipe LNU. Furthermore, Flores failed to provide the proper training and instruction for Felipe LNU, which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Flores' negligent hiring of and failure to properly instruct and train its driver was allegedly a proximate cause of the incident and Plaintiff's resulting injuries and damage.[8]

18.     As a direct, proximate, and foreseeable result of all defendants' conduct, Underlying Plaintiff suffered injuries and damages including the following:

      (1)     Medical, hospital, and pharmaceutical charges and expenses in the past;

      (2)     Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

---

[5] Exhibit B.
[6] Exhibit B.
[7] Exhibit B.
[8] Exhibit B.

- 4 -

(3)   Pain and suffering in the past;

(4)   Pain and suffering that, in reasonable probability, will be suffered in the future;

(5)   Mental anguish in the past;

(6)   Mental anguish that, in reasonable probability, will be suffered in the future;

(7)   Disability and impairment in the past;

(8)   Disability and impairment that, in reasonable probability, will occur in the future; and

(9)   Physical disfigurement in the past and future.

(10)   Property Damage and Loss of use.[9]

19.   Underlying Plaintiff also has suffered not only easily quantifiable economic damage, but also other forms of damage such as mental anguish and pain and suffering, which Plaintiff will likely continue to suffer in the future.[10]

**The Policy**

20.   The Scottsdale Policy affords coverage to named insureds thereunder, subject to certain terms, conditions, limitations, and exclusions.[11]

21.   The Policy's Commercial General Liability Coverage Form states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured [Flores] shown in the Declarations, and any other person or organization qualifying as a Named Insured under this Policy" and "[t]he word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured."[12]

---

[9] Exhibit B.
[10] Exhibit B.
[11] *See generally* Exhibit A, the Policy.
[12] *See* Exhibit A at CGL Form 00 01 04 13, p. 1 of 16.

22.    The Insuring Agreement of the Policy's Coverage A – Bodily Injury And Property Damage Liability section states, in relevant part:

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.[13]

23.    The Policy's Commercial General Liability coverage part defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[14] "Bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[15]

24.    The Policy's Exclusion—Total Aircraft, Auto Or Watercraft With Limited Exceptions Endorsement ("Total Auto Exclusion"), replaces in the Commercial General Liability Coverage Form Exclusion g., Aircraft, Auto Or Watercraft, as follows:

**EXCLUSION – TOTAL AIRCRAFT, AUTO OR
WATERCRAFT WITH LIMITED EXCEPTIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

A.    **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions**, subparagraph **g. Aircraft, Auto Or Watercraft** is deleted in its entirety and replaced by the following:

g.    **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any and all aircraft, "auto" or watercraft. Use includes operation and "loading or unloading."

---

[13] *See* Exhibit A at CGL Form 00 01 04 13, p. 1 of 16.
[14] *See* Exhibit A at CGL Form CG 00 01 04 13 at p. 15 of 16, #13.
[15] *See* Exhibit A at CGL Form CG 00 01 04 13 at p. 15 of 16, #3.

PD.61573436.1

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the failure to protect persons or property against any aircraft, "auto" or watercraft as a dangerous condition, defect or activity, including any actual or alleged failure to maintain a reasonably safe premises, failure to warn, or failure to provide security or safety measures.

This exclusion applies regardless of whether the aircraft, "auto" or watercraft is owned or operated by or rented or loaned to any insured or any other person or entity.

∗ ∗ ∗ ∗[16]

25.    The Policy defines "auto" as:

a.    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b.    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.[17]

26.    The Policy's Injury to Worker Endorsement ("Worker Exclusion") replaces

paragraph e. Employer's Liability of subsection 2. Exclusions, as noted below:

### INJURY TO WORKER EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

With respect to this endorsement, paragraph **e. Employer's Liability** of subsection **2. Exclusions** of **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by:

**e. Employer's Liability**
"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

---

[16] *See* Exhibit B at Form GLS-690 (03-23) at p. 1 of 2.
[17] *See* Exhibit B at CGL Form CG 00 01 04 13 at p. 15 of 16, #2.

PD.61573436.1

(b) Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

The following is added to **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** subsection **2. Exclusions** of the policy.

This insurance does not apply to:
**1.** "Bodily injury" to:

a.  An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
b.  Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
c.  Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or sub-subcontractor may be liable

if such "bodily injury" arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether or not it is caused in part by you; or

**2.** Any obligation of any insured to defend, indemnify or contribute with another because of "bodily injury" to:

a.  An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
b.  Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
c.  An employee of any contractor, subcontractor or sub-subcontractor; or

**3.** "Bodily injury" to the spouse, child, parent, brother or sister of that employee of any contractor, subcontractor or sub-subcontractor or that "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured as a consequence of items **1.** or **2.** above.

- 8 -

This applies to all claims and "suits" by any person or organization for damages, indemnity and/or any The following is added to **SECTION I - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY,** section **2. Exclusions** of the policy:

This insurance does not apply to:

**1.** "Personal or advertising injury" to:

   a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
   b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
   c. Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or sub-subcontractor may be liableif such "personal or advertising injury" arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether or not it is caused  in part by you; or

**2.** Any obligation of any insured to defend, indemnify or contribute with another because of "personal and advertising injury" to:

   a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
   b. Any contractor, subcontractor or sub-subcontractor hired or retained by or for any insured; or
   c. Any employee of any contractor, subcontractor or sub-subcontractor; or

**3.** "Personal and advertising injury" to the spouse, child, parent, brother or sister of that employee, any contractor, subcontractor, sub-subcontractor or that employee of any contractor, subcontractor or sub-subcontractor or that "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured as a consequence of items **1.** or **2.** above.

This applies to all offenses, claims and "suits" by any person or organization for damages, indemnity and/or any obligation to share damages with or repay someone else who must pay damages because of the injury.

27.     Although the Worker Exclusion and Total Auto Exclusion preclude coverage for the Underlying Plaintiff's claims, Scottsdale agreed to defend Flores against the Underlying Lawsuit subject to a reservation of rights to deny coverage by letters issued on January 22, 2026

PD.61573436.1

and on February 16, 2026.

## COUNT I – DECLARATORY RELIEF

28.    Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

29.    An actual, present, and existing controversy exists among the parties to this lawsuit regarding the coverage afforded under the Policy for the claims asserted in the Underlying Lawsuit. The Court's making a declaration regarding these issues will confer certainty on the parties with respect to their rights and obligations under the Policy.

30.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties under the Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

31.    The liability alleged against Flores and the damages sought in the Underlying Lawsuit exclusively arise out of the facts within the scope of the Total Auto Exclusion; therefore, the Total Auto Exclusion's unambiguous terms apply to preclude coverage for the Underlying Plaintiff's claims against Flores in the Underlying Lawsuit.

32.    The liability alleged against Flores and the damages sought in the Underlying Lawsuit exclusively arise out of facts within the scope of the Worker Exclusion; therefore, the Worker Exclusion's unambiguous terms apply to preclude coverage for the Underlying Plaintiff's claims against Flores in the Underlying Lawsuit.

33.    Scottsdale seeks a declaration that the Policy does not provide coverage, including defense and indemnity, to Flores for the Underlying Lawsuit due to the application of the Total Auto Exclusion.

PD.61573436.1

34.    Scottsdale seeks a declaration that the Policy does not provide coverage, including defense and indemnity, to Flores for the Underlying Lawsuit due to the application of the Worker Exclusion

35.    In addition to the foregoing, Scottsdale pleads all other conditions, terms, warranties, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation of this matter continues, and reserves the right to amend its Complaint as additional and/or more specific information becomes available or as developments warrant in the Underlying Lawsuit.

WHEREFORE, Scottsdale Insurance Company respectfully prays that this Honorable Court:

A.  That process be issued as required by law and the Defendants be served with copies of the Summons and Complaint for Declaratory Judgment;

B.  For a declaration by the Court declaring the rights and obligations of the parties under the Policy, including a judgment that the Policy's Total Auto Exclusion precludes coverage to Flores for the Underlying Lawsuit and, therefore, Scottsdale owes no defense and/or indemnity to Flores in the Underlying Lawsuit.

C.  For a declaration by the Court declaring the rights and obligations of the parties under the Policy, including a judgment that the Policy's Injury To Worker Exclusion Endorsement precludes coverage to Flores for the Underlying Lawsuit and, therefore, Scottsdale owes no defense and/or indemnity to Flores in the Underlying Lawsuit.

D.  For all such other and further relief as this Court deems just and proper.

- 11 -

PD.61573436.1

Respectfully submitted,

PHELPS DUNBAR LLP


*/s/Mary "Amy" Cazes Greene*
Mary "Amy" Cazes Greene
TBN 24005647, Fed. Bar 22671
1001 Fannin., Ste. 2200
Houston, Texas 77002
Phone: (713) 626-1386
Fax: (713) 626-1388
Email: amy.greene@phelps.com

**ATTORNEY FOR PLAINTIFF SCOTTSDALE
INSURANCE COMPANY**

- 12 -